REQUESTED BY: Senator John DeCamp Nebraska State Legislature 1116 State Capitol Lincoln, Nebraska 68509
Dear Senator DeCamp:
This is in response to your letter of January 29, 1983, in which you ask whether the last paragraph of Initiative 300 (Article XII, Nebraska Constitution) would allow the Legislature to sell school land under `favorable conditions.'
The paragraph in question provides that `The Nebraska Legislature may enact, by general law, further restrictions prohibiting certain agricultural operations that the Legislature deems contrary to the intent of this section.'
Where the words of a constitutional provision are plain, direct and unambiguous, no interpretation is needed to ascertain their meaning, and a mere reading will suffice.State ex rel. Caldwell v. Peterson, 153 Neb. 402,45 N.W.2d 122 (1951).
We believe that the language of the paragraph in question is clear. The terms `this section' as contained in said paragraph refer to Section 8 of Article XII.
Section 8 imposes certain restrictions on specified corporation and syndicate activities with regard to acquisition of agricultural interests in Nebraska real property by those business entities. The section does not impose restrictions on the Nebraska State Board of Educational Lands and Funds in the administration of the state's school lands, nor should it be reasonably construed to authorize the sale of school land in contravention of Nebraska constitutional provisions pertaining to the management and control of Nebraska school lands. Such management, including the responsibility for deciding whether or not school lands should be sold, is vested in the Nebraska State Board of Educational Lands and Funds. Article VII, Section 6, Nebraska State Constitution; State ex rel. Ebke v. Board of EducationalLands and Funds, 159 Neb. 79, 65 N.W.2d 392 (1954);State ex rel. Belker v. Board of Educational Lands andFunds, 184 Neb. 621, 171 N.W.2d 156 (1969); Probst v.Board of Educational Lands and Funds, 156 Neb. 226,55 N.W.2d 653 (1952).
To the extent that the paragraph in question here might be regarded as conflicting with Article VII, Section 6 of the Nebraska Constitution, Article VII would properly be regarded as controlling because of its specific application to school lands, and because specific provisions of the Constitution should be given effect in case of conflict with general provisions of the Constitution. Elmen v. State Boardof Equalization and Assessment, 120 Neb. 141, 231 N.W. 772
(1930); Swanson v. State, 132 Neb. 82, 271 N.W. 264
(1937).
Very truly yours, PAUL L. DOUGLAS Attorney General Frank J. Hutfless Assistant Attorney General